IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 5:03-cr-05-MCR-GRJ

HERBERT D. BROWN

_____/

## **REPORT AND RECOMMENDATION**

This case is before the Court on Doc. 129, the Government's motion to dismiss Defendant's second amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 121.) Defendant has filed a response in opposition to the Government's motion to dismiss. (Doc. 130.) For the reasons discussed below, Defendant's § 2255 is due to be dismissed as untimely.

Section 2255 provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "A 1-year period of limitation shall apply to a motion under this section." *Id*. at § 2255(f). The one-year limitations period runs from the latest of:

(1)　the date on which the judgment of conviction becomes final;

(2)　the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)　the date on which the right asserted was initially recognized by the

>Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

The judgment of conviction in this case was entered on August 16, 2004. (Doc. 64.) Defendant did not appeal. For purposes of the limitations period, Defendant's conviction became final when the 10-day period for filing an appeal elapsed on August 30, 2004. *See* Fed. R. App. P. 4(b)(1)(a), 26(a)(2) (2004). The limitations period expired one year later, on August 30, 2005.

The instant motion to vacate was entered onto the Court's docket on June 14, 2012. Defendant signed a declaration that he placed the motion to vacate in the prison mailing system on June 6, 2012. The motion was mailed and then docketed nearly seven years beyond the one-year limitations period.

Defendant appears to argue that the Supreme Court's decision in *Bonds v. United States*, __ U.S. __, 131 S. Ct. 2355, 180 L. Ed. 2d 269 (2011), decided June 16, 2011, recognized a new constitutional right that is retroactively applicable to cases on collateral review. In *Bond*, the Court held that a criminal defendant charged with a federal crime had standing to challenge the constitutionality of the criminal statute on Tenth Amendment grounds, even when the state was not a party to the proceedings. Defendant contends that *Bond* supports his claim that this Court lacked subject matter jurisdiction over his criminal case because Congress exceeded its authority in passing the statutes under which he was convicted (armed bank robbery and using, carrying, and brandishing a firearm during and in relation to a crime of violence). *Bond* does not

stand for this proposition. The Court there held that the defendant had standing, but made no ruling as to the validity of the statute.[1] *Bond*, 131 S. Ct. at 2367. Defendant's arguments here lack any relationship to the legal issues presented in *Bond.* Nor does anything in *Bond* suggest that the Court created a newly recognized right or that any such right would be retroactively applicable to cases on collateral review. Accordingly, to the extent Defendant argues that the *Bond* decision renders his motion to vacate timely, the argument is without merit.

Finally, Defendant has not demonstrated any entitlement to equitable tolling. "[I]n the proper case, § 2255's period of limitations may be equitably tolled." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271; *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir.2004) (movant bears burden of establishing entitlement to extraordinary remedy of equitable tolling) (§ 2254 case).

Petitioner has failed to allege any extraordinary circumstances that prevented him from timely filing his claim. The instant petition is time-barred and Petitioner has failed to demonstrate entitlement to equitable tolling.

For the foregoing reasons it is respectfully **RECOMMENDED** that the Government's Motion to Dismiss Defendant's Motion to Vacate Under Title 28, United

---

[1]The statute at issue in *Bonds* was 18 U.S.C. § 229, possession and use of a chemical weapon.

States Code, Section 2255 (Doc. 129) should be **GRANTED** and Petitioner's Second Amended Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 121) should be **DISMISSED as untimely**. Further, it is **RECOMMENDED** that a certificate of appealability be **DENIED**.

**IN CHAMBERS** this 28th day of December 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.