UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.   Case Nos.:   5:03cr5/MCR/CJK
                  5:16cv135/MCR/CJK

HERBERT D. BROWN,

   Defendant.
_____/

REPORT AND RECOMMENDATION

This matter is before the court on Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (ECF No. 174). Rule 4(b) of these rules provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

Case Nos.: 5:03cr5/MCR/CJK; 5:16cv135/MCR/CJK

## BACKGROUND and ANALYSIS

In May 2004, Defendant Herbert D. Brown entered a plea of guilty to armed bank robbery (count one) and to carrying and brandishing a firearm during and in relation to a crime of violence (count two). (ECF No. 37). In August 2004, he was sentenced to a total term of imprisonment of 294 months. (ECF No. 64). In December 2011, Defendant filed a motion for leave to appeal out of time, which was denied. (*See* ECF Nos. 98, 102). He appealed this denial, but his appeal was dismissed for want of prosecution. (*See* ECF No. 97, 115).

In June 2012, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which was amended twice. (*See* ECF Nos. 110, 116, 121). Defendant's second amended motion was dismissed as untimely, and a certificate of appealability was denied. (*See* ECF Nos. 132, 137, 138). Defendant appealed, and the Eleventh Circuit Court of Appeals denied a certificate of appealability. (*See* ECF Nos. 139, 148).

In the instant motion, Defendant seeks sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 174). Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to

consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996).  Although Defendant's initial motion was not reviewed on the merits, for purposes of the AEDPA's successive-motion rules, the dismissal of an initial § 2255 motion as untimely "counts" and renders a subsequent § 2255 motion "successive."  *See Villanueva v. United States*, 346 F.3d 55, 59–61 (2nd Cir. 2003) (holding "that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding "that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"); *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (dismissal of habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements).  Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion.  Therefore, the instant motion to vacate must be dismissed because the court lacks jurisdiction to consider Defendant's successive § 2255 motion.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 5:03cr5/MCR/CJK; 5:16cv135/MCR/CJK

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (ECF No. 174) be **SUMMARILY DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 17th day of October, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:03cr5/MCR/CJK; 5:16cv135/MCR/CJK